[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on September 12, 1982 in Danbury, Connecticut. Her birth name was Montenaro.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Three children were born to the wife, all issue of the marriage, to wit: Daniel Lariccia, born April 16, 1984; Michael Lariccia, born March 27, 1987; Nicalena Lariccia, born January 28, 1989.
The court finds from the evidence presented that the marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution is entered.
In addition, the court has taken into consideration all of the factors enumerated in sections 46b-81, 46b-82 and 46b-84
of the Connecticut General Statutes, and further orders as follows:
1. There shall be joint custody of the minor children with the mother being the residential custodian.
The father shall have reasonable and liberal rights of visitation which shall include, but not be limited to, overnight and mid-week visits and a share of the children's holiday, summer and school vacations.
The plaintiff shall give the defendant at least sixty (60) days notice of her intention to relocate from the State of Connecticut.
2. The husband shall pay to the wife the sum of $215 per CT Page 2114 week as child support. The court finds that the income of the husband, for the purposes of child support, should be calculated at $400 per week net. He has the proven ability to at least earn that amount although his financial affidavit does not reflect such income. The guidelines are applicable based on the court's findings.
3. The husband shall maintain present medical and dental insurance for the benefit of the minor children. He shall pay 70 percent of all unreimbursed medical and dental, and the wife shall pay 30 percent. These orders are in accordance with the provisions of Connecticut General Statutes, Sec. 46b-84(c).
4. The tax exemptions for the children shall be split, with the wife claiming the children in odd numbered tax years and the husband in even numbered tax years.
5. The husband shall pay to the wife the sum of one ($1) dollar per year as periodic alimony until the first of the following events occur:
(a) death of either party;
(b) remarriage by the wife;
(c) February 19, 2002.
Alimony shall be nonmodifiable as to term.
In fashioning the order of time limited alimony, the court has carefully considered the statutory criteria giving special attention to the present financial circumstances of the parties.
The court also orders that the defendant immediately notify his counsel whenever his gross income exceeds $400 per week or he obtains a job, other than being self-employed.
6. The husband shall convey all of his right, title and interest in the marital premises to the wife forthwith. Because of the financial chaos that presently exists, the court will not enter any order relative to the payment of the mortgage, taxes, etc.
7. The title of property located at 58 Main Street, CT Page 2115 Danbury, shall remain undisturbed by this court.
8. The husband shall quitclaim all of his right, title and interest in the condominium in West Palm Beach, Florida. The wife shall be liable for the payment of the taxes, mortgage, insurance and shall indemnify and hold the husband harmless thereon. She shall further be entitled to the rental.
9. The court finds that there is an arrearage due from its prior pendente lite orders. The defendant was ordered to maintain monthly mortgage payments and has failed to do so for three months. The arrearage is $3,570. The court makes no order relative to payment of this since the wife has not been monetarily affected by the husband's nonpayment. However, the court orders the husband to hold the wife harmless and indemnify her in the event she is held accountable for the nonpayment. This order is intended to survive any bankruptcy proceeding in that it is deemed to be in the nature of additional support for the wife.
10. The husband shall continue to maintain his current life insurance naming the children as beneficiaries for so long as he is obligated to support them.
11. The husband shall, within thirty (30) days, have his wife's automobile transmission fixed to her satisfaction or, in the alternative, give her $900 for the purpose of having her attend to the repair.
12. The parties are ordered forthwith to attend parenting classes. The clerk will send to them the necessary forms to implement the proceedings.
13. Except as otherwise provided, each of the parties shall pay his or her own expenses, costs and attorney's fees.
Mihalakos, J.